UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
CHARLES TESORO, on behalf of himself and all  :
others similarly situated,                                        :
                                                    Plaintiff,  :
                                                                             :  **COMPLAINT**
       -against-                                                            :
                                                                                :
GRIMALDI LLC d/b/a GRIMALDI'S PIZZERIA  :
and JENNIFER HEANEY,                                          :  **FLSA COLLECTIVE**
                                                                                :  **ACTION**
                                                                                :
                                                        Defendants.  :
------------------------------------------------------------------------X

        Plaintiff Charles Tesoro ("Tesoro" or "Plaintiff"), on behalf of himself and all others similarly situated, by his attorneys Pechman Law Group PLLC, complaining of Defendants Grimaldi LLC d/b/a Grimaldi's Pizzeria ("Grimaldi's"), and Jennifer Heaney ("Heaney") (together, "Defendants"), alleges:

## NATURE OF THE ACTION

        1.     Tesoro is a former bartender at Grimaldi's. Throughout his employment, Defendants paid Tesoro and other bartenders, servers, and bussers at Grimaldi's (collectively, the "Waitstaff") $50.00 per shift worked. As a result of their shift-pay policy, Defendants failed to pay Tesoro and the Waitstaff at least the statutory minimum wage rate for hours worked up to forty per workweek. Defendants also failed to pay Tesoro and the Waitstaff overtime wages at a rate at least one and one-half (1.5) times the statutory minimum wage rate for all hours worked over forty per workweek. Although Tesoro and the Waitstaff frequently worked in excess of ten hours per day, Defendants did not pay Tesoro and the Waitstaff spread-of-hours pay on days when they worked more than ten hours. Defendants failed to provide Tesoro and the Waitstaff with wage notices at their time of hiring and with accurate wage statements at the end of each pay period.

2. Tesoro brings this action on behalf of himself and all similarly situated Waitstaff pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and the New York Labor Law § 190 *et seq.* ("NYLL") seeking injunctive and declaratory relief and to recover unpaid minimum and overtime wages, spread-of-hours pay, liquidated damages, statutory damages, pre- and post-judgment interest, and attorneys' fees and costs.

## JURISDICTION

3. This Court has subject matter jurisdiction over this case pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337 and has supplemental jurisdiction over Plaintiff's claims under the NYLL pursuant to 28 U.S.C. § 1367.

## VENUE

4. Venue is proper in the Eastern District of New York under 28 U.S.C. § 1391 because the events set forth in this Complaint occurred at Grimaldi's, which is located in the Eastern District of New York.

## THE PARTIES

**Plaintiff**

5. Charles Tesoro resides in Nassau County, New York.

6. Defendants employed Tesoro as a bartender from September 2018 through June 9, 2019.

7. Throughout his employment, Tesoro was an employee engaged in interstate commerce or the production of goods for interstate commerce.

8. Tesoro was Defendants' employee within the meanings of the FLSA and NYLL.

**Defendant Grimaldi LLC**

9. Defendant Grimaldi LLC is a New York limited liability company that owns, operates, and does business as Grimaldi's Pizzeria, an Italian pizzeria and restaurant located at 980 Franklin Avenue, Garden City, New York 11530.

10. Grimaldi's has at least 11 employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

11. Within the three years prior to the filing of this Complaint, Grimaldi's had an annual gross volume of sales in excess of $500,000.

**Defendant Jennifer Heaney**

12. Jennifer Heaney is an owner of Grimaldi LLC.

13. Heaney is listed as Grimaldi's principal on its New York State Liquor Authority Public Query Results webpage.

14. Heaney is present most days at Grimaldi's.

15. Heaney oversees the day-to-day operations of Grimaldi's. She supervises the work of employees, sets employee wages and schedules, hires and fires employees, disciplines employees, and keeps track of inventory and sales.

16. For example, Heaney hired Grimaldi's manager, Megan Didyk.

17. Heaney exercises sufficient control over Grimaldi's operations and Tesoro's and the Waitstaff's employment to be considered Plaintiff's and the Waitstaff's employer under the FLSA and NYLL.

**FACTUAL ALLEGATIONS**

18. Throughout Tesoro's employment, Grimaldi's was open to the public seven days per week, Monday to Thursday from 11:30 a.m. to 10:00 p.m., Friday and Saturday from 11:30 a.m. to 11:00 p.m., and Sunday from 11:30 a.m. to 9:00 p.m.

19. Grimaldi's Waitstaff, including Tesoro, frequently performed after-hours work.

**Tesoro's Hours Worked and Pay**

20. Throughout his employment, Tesoro worked as a bartender on Wednesdays from approximately 11:00 a.m. to 12:30 or 1:00 a.m., Thursdays and Fridays from approximately 11:00 a.m. to 5:00 p.m., and Saturdays from approximately 11:00 a.m. to 1:00 or 1:30 a.m., totaling approximately 38.5 to 40 hours per workweek. Approximately once per month, one of Tesoro's Thursday or Friday shifts would last until approximately 6:00 p.m.

21. From approximately November 2018 through January 2019, Tesoro also worked Tuesdays from approximately 11:00 a.m. to 12:30 or 1:00 a.m., and occasionally Mondays from approximately 11:00 a.m. to 5:00 p.m., totaling approximately 52 to 58.5 hours per workweek during this period.

**Defendants' Shift Pay Violations**

22. The statutory minimum wage rate applicable to employers in New York City with 11 or more employees was $13.00 per hour in 2018. NYLL § 652(1)(a).

23. The statutory minimum wage rate applicable to employers in New York City with 11 or more employees was $15.00 per hour in 2019. NYLL § 652(1)(a)

24. Through Tesoro's employment, Defendants paid Tesoro and the Waitstaff $50.00 per shift as compensation for hours worked.

25. Whenever Tesoro and the Waitstaff worked a double shift including both lunch and dinner, Defendants paid them $100.00, *i.e.*, $50.00 per shift.

26. For example, during the week of January 7 through January 13, 2019, Tesoro worked nine shifts of approximately six hours each, totaling 54 hours worked in the workweek. Defendants paid Tesoro $450.00 for this workweek.

4

27. Defendants paid Tesoro a regular wage rate of $8.33 per hour during the week of January 7 through January 13, 2019, as calculated by diving Tesoro's hours worked (54) by his compensation ($450.00).

28. Defendants did not pay Tesoro at a rate of at least one-and-one half (1.5) times his regular hourly wage rate, which shall not be less than the statutory minimum wage rate, for hours worked in excess of forty during the week of January 7 through January 13, 2019.

29. The FLSA and NYLL allow employers of tip-eligible employees to take a "tip credit," enabling them to pay their tipped employees at reduced minimum wage rates, if the employers inform their tipped employees in advance that the tip credit will be applied and allow the tipped employees to retain all of the tips that they receive. 29 U.S.C. § 203(m)(2)(A); 12 N.Y.C.R.R. § 146-1.3.

30. However, Defendants failed to provide Tesoro and the Waitstaff with wage notices at their time of hiring reflecting, *inter alia*, their regular and overtime wage rates and any allowances (including a tip credit) taken from their wages.

31. Defendants also failed to provide Tesoro and the Waitstaff with accurate wage statements at the end of each pay period reflecting, *inter alia*, their hours worked, rate of pay, and any allowances (including a tip credit) taken from their wages.

32. Because Defendants did not provide Tesoro and the Waitstaff with a tip credit notice, Defendants were prohibited from compensating Tesoro and the Waitstaff at the reduced tipped minimum wage rate.

33. The wages Defendants paid Tesoro fell below the applicable statutory minimum wage rate established by the NYLL.

34. Although Tesoro and the Waitstaff frequently worked over forty hours per workweek, Defendants did not pay Tesoro and the Waitstaff overtime wages at a rate of at least one and one-half (1.5) times the statutory minimum wage rate.

**Defendants' Spread-of-Hours Violations**

35. Tesoro and the Waitstaff frequently worked in excess of ten hours per day.

36. Defendants failed to compensate Tesoro and the Waitstaff with one additional hour's pay at the full statutory minimum hourly wage for each day that they worked in excess of ten hours.

## COLLECTIVE ACTION ALLEGATIONS

37. Tesoro brings the claims in this Complaint arising out of the FLSA on behalf of himself and similarly situated Waitstaff employed at Grimaldi's in the three years prior to the filing of this action who elect to opt-in to this action (the "FLSA Collective").

38. The FLSA Collective consists of at least 20 Waitstaff who have been victims of Defendants' common policy and practices that have violated their rights under the FLSA by, *inter alia*, willfully denying them overtime wages. Facts supporting the precise calculation of the number of employees within the FLSA Collective are presently within the sole control of Defendants.

39. The FLSA Collective consists of persons who, during their employment with Defendants, worked as bartenders, servers, and bussers (*i.e.*, the Waitstaff) and fell into the category of non-exempt, non-managerial tipped employees who customarily and regularly earned more than $30.00 per month in tips.

40. As part of their regular business practices, Defendants have intentionally, willfully, and repeatedly harmed the FLSA Collective by engaging in a pattern, practice, and/or policy of violating the FLSA. This policy, pattern, and/or practice includes, *inter alia*:

6

      a. failing to pay the FLSA Collective overtime wages at a rate at least one and one-half (1.5) times the statutory minimum wage rate for hours worked in excess of forty per workweek; and

      b. failing to keep full and accurate records of all hours worked by the FLSA Collective as required by the FLSA.

41. Defendants have engaged in this unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees their compensation.

42. Defendants' unlawful conduct has been intentional, willful, and in bad faith and has caused significant monetary damage to the FLSA Collective.

43. The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit.

44. Those similarly situated employees are known to Grimaldi's and are readily identifiable and locatable through Grimaldi's records.

45. Those similarly situated employees should be notified of and allowed to opt into this action, pursuant to 29 U.S.C. § 216(b).

## FIRST CLAIM
## (NYLL – Unpaid Minimum Wages)

46. Tesoro repeats and incorporates all foregoing paragraphs as if fully set forth herein.

47. Defendants are employers within the meaning of the NYLL §§ 190 *et seq.*, 651(5), and 652, and supporting New York State Department of Labor ("NYDOL") regulations, including but not limited to 12 N.Y.C.R.R. § 146, and employed Tesoro.

48. Defendants failed to pay Tesoro the minimum hourly wages to which he was entitled under the NYLL.

49. Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay Tesoro minimum hourly wages.

50. As a result of Defendants' violations of the NYLL, Tesoro has suffered damages and is entitled to recover unpaid minimum wages, liquidated damages, pre- and post-judgment interest, and attorneys' fees and costs of this action.

## SECOND CLAIM
### (FLSA – Unpaid Overtime Wages)

51. Tesoro repeats and incorporates all foregoing paragraphs as if fully set forth herein.

52. Defendants were required to pay Plaintiff and the FLSA Collective one and one-half (1.5) times the applicable regular wage rate, which could not be less than the full NYLL minimum wage rate, for all hours worked in excess of forty hours per workweek pursuant to the overtime wage provisions set forth at 29 U.S.C. § 207 *et seq*.

53. Defendants failed to pay Tesoro and the FLSA Collective the overtime wages to which they were entitled under the FLSA.

54. Defendants have willfully violated the FLSA by knowingly and intentionally failing to pay Tesoro and the FLSA Collective overtime wages.

55. As a result of Defendants' violations of the FLSA, Tesoro and the FLSA Collective are entitled to recover their unpaid overtime wages, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs of this action.

## THIRD CLAIM
### (NYLL – Unpaid Overtime Wages)

56. Tesoro repeats and incorporates all foregoing paragraphs as if fully set forth herein.

57. Under the NYLL and supporting NYDOL regulations, Defendants were required to pay Tesoro at least one and one-half (1.5) times the statutory minimum wage rate for all hours worked in excess of forty per workweek.

58. Defendants failed to pay Tesoro overtime wages to which he was entitled under the NYLL.

59. Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay Tesoro overtime wages.

60. As a result of Defendants' willful violations of the NYLL, Tesoro is entitled to recover unpaid overtime wages, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs of this action.

## FOURTH CLAIM
### (NYLL – Spread-of-Hours Pay)

61. Tesoro repeats and incorporates all foregoing paragraphs as if fully set forth herein.

62. Defendants willfully failed to pay Tesoro additional compensation of one hour's pay at the basic statutory wage rate for each day during which he worked in excess of ten hours.

63. By their failure to pay Tesoro spread-of-hours pay, Defendants willfully violated the NYLL § 650, *et seq.*, and supporting NYDOL regulations, including, but not limited to, 12 N.Y.C.R.R. § 146–1.6.

64. As a result of Defendants' willful violations of the NYLL, Tesoro is entitled to recover unpaid spread-of-hours pay, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs of this action.

## FIFTH CLAIM
### (NYLL Wage Theft Prevention Act – Failure to Provide Wage Notices)

65. Tesoro repeats and incorporates all foregoing paragraphs as if fully set forth herein.

66. The NYLL and the Wage Theft Prevention Act ("WTPA"), as well as the NYDOL's interpretive regulations, such as but not limited to 12 N.Y.C.R.R. § 146, require employers to provide all employees with a written notice of wage rates at the time of hiring and whenever there is a change to an employee's rate of pay. NYLL § 195(1).

67. In violation of NYLL § 195(1), Defendants failed to furnish Tesoro at the time of his hiring with a wage notice containing his rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law.

68. As a result of Defendants' violation of NYLL § 195(1), Tesoro is entitled to recover from Defendants statutory damages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to the NYLL § 198(1-b).

## SIXTH CLAIM
### (NYLL Wage Theft Prevention Act – Failure to Provide Wage Statements)

69. Tesoro repeats and incorporates all foregoing paragraphs as if fully set forth herein.

70. The NYLL and WTPA require employers to provide employees with an accurate wage statement each time they are paid.

71. Throughout Plaintiff's employment with Defendants, Defendants failed to provide Tesoro with an accurate wage statement at the end of every pay period reflecting, *inter alia*, his hours worked, rate or rates of pay, and allowances (including tip credits) claimed, in violation of the NYLL § 195(3).

72. As a result of Defendants' violations of NYLL § 195(3), Tesoro is entitled to recover statutory damages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to the NYLL § 198(1-d).

## PRAYER FOR RELIEF

WHEREFORE, Tesoro, on behalf of himself and the FLSA Collective, respectfully requests that this Court enter an order and judgment:

a. certifying the case as a collective action for the violations of the FLSA alleged in the Complaint for the employees described herein and designating Tesoro's attorneys as counsel for the FLSA Collective;

b. designating Tesoro as the representative of the FLSA Collective;

c. authorizing the issuance of notice at the earliest possible time to all Waitstaff employed by Defendants within the three years immediately preceding the filing of this action. This notice should inform them the Waitstaff this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit;

11

  d. declaring that Defendants have violated the minimum wage provisions of the NYLL;

  e. declaring that Defendants have violated the overtime wage provisions of the FLSA and the NYLL;

  f. declaring that Defendants have violated the spread-of-hours provisions of the NYLL;

  g. declaring that Defendants violated the notice and record-keeping provisions of the NYLL and WTPA;

  h. declaring that Defendants' violations of the FLSA and NYLL were willful;

  i. enjoining future violations of the FLSA and NYLL by Defendants;

  j. awarding Tesoro damages for unpaid minimum wages under the NYLL;

  k. awarding Tesoro and the FLSA Collective damages for unpaid overtime wages under the FLSA and NYLL;

  l. awarding Tesoro damages for unpaid spread-of-hours pay;

  m. awarding and the FLSA Collective liquidated damages pursuant to the FLSA and NYLL;

  n. awarding Tesoro statutory damages as a result of Defendants' failure to furnish accurate wage statements pursuant to the NYLL;

  o. awarding Tesoro statutory damages as a result of Defendants' failure to furnish wage notices pursuant to the NYLL;

  p. awarding Tesoro pre-and post-judgment interest pursuant to the NYLL;

      q.    awarding Tesoro and the FLSA Collective reasonable attorneys' fees and costs pursuant to the FLSA and the NYLL; and

      r.    awarding such other and further relief as the Court deems just and proper.

Dated: New York, New York
October 2, 2020

PECHMAN LAW GROUP PLLC

By: /s Louis Pechman
Louis Pechman
Galen C. Baynes
488 Madison Avenue - 17th Floor
New York, New York 10022
Tel: (212) 583-9500
pechman@pechmanlaw.com
baynes@pechmanlaw.com
*Attorneys for Plaintiff and the
Putative FLSA Collective*